# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

***

JOHN WILLIAMS, III,

        Plaintiff,

vs.

NATIONAL FOOTBALL LEAGUE, *et al.*,

        Defendant.

Case No. 2:14–cv–571–APG–VCF

**ORDER**

      This matter involves *pro se* Plaintiff John Williams' challenge to the National Football League's selective ticket sales process. Before the court is Williams' countermotion for discovery (#35[1]). Defendants' opposed (#38, #39). For the reasons stated below, Williams' motion is denied.

      Williams' countermotion to discovery is a duplicate of his opposition to Defendants' motions to dismiss. Williams' countermotion does not request specific discovery or move to compel discovery. It merely opposes Defendants' motion to dismiss for lack of personal jurisdiction. Accordingly, the motion is denied for two reasons.

      First, pursuant to Federal Rule of Civil Procedure 37(a)(1) and Local Rule 26-7(b), "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action." LR 26-7(b); *see also* Fed. R. Civ. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action").

---

[1] Parenthetical citations refer to the court's docket.

It is axiomatic that failure to comply with Rule 37's certification requirement or Local Rule 26-7(b) warrants the denial of a motion. *See Shuffle Master, Inc. v. Progressive Games, Inc*., 170 F.R.D. 166, 172 (D. Nev. 1996) (holding that personal consultation means the movant must personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention).

Second, Federal Rule of Civil Procedure 26(d) provides that "[a] party many not seek discovery from any source before the parties have conferred as required by Rule 26(f)." FED. R. CIV. P. 26(d). Under Local Rule 26-1(d), the plaintiff "shall initiate the scheduling of the FED. R. CIV. P. 26(f) meeting within thirty (30) days after the first defendant answers or otherwise appears." Defendants have appeared and thirty days have elapsed but Williams, who is proceeding *pro se*, has not initiated the Rule 26(f) conference, as required.

Williams is advised that under the Federal Rules there is no such thing as a "motion for discovery." After the parties confer under Rule 26(f), discovery will proceed in this case and Williams may request discovery as permitted by the Federal Rules of Civil Procedure and local rules. This includes depositions (*see* Rule 30), interrogatories (*see* Rule 33), requests for production of documents (*see* Rule 34), and requests for admissions (*see* Rule 36). If Williams makes a valid discovery request under one of these Rules and Defendants refuse to comply with Williams' valid request, then Williams may file a motion to compel discovery under Rule 37. In the event that Williams satisfies Rule 37's requirements, the court may then order Defendants to disclose the information.

/// /// ///

/// /// ///

/// /// ///

/// /// ///

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Williams' countermotion for discovery (#35) is DENIED.

IT IS SO ORDERED.

DATED this 6th day of June, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE